IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| SAMSON LWAKI | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:16-cv-02116 |
| | § | Jury Requested |
| PANJWANI ENERGY, LLC | § | |
| | § | |
| Defendant. | | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Samson Lwaki (hereinafter, "Plaintiff"), complaining of and about PANJWANI ENERGY, LLC., and for cause of action he respectfully shows unto this Court the following:

**PARTIES AND SERVICE**

1. Plaintiff is a citizen of the United States of America and the State of Texas and reside in Harris County, Texas.

2. Defendant PANJWANI ENERGY, LLC. (hereinafter "Defendant") may be served by serving its registered agent for service of process, Feroz Panjwani, 6161 Savoy Dr., Suite 1111, Houston, TX 77036, in any manner the Federal Rules of Civil Procedure permit.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this a federal action, brought under Title 29 U.S.C. Section 623, *et. seq.*, Title 42 U.S.C. Section 2000e et. Seq., and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the

basis of age, race and ethnicity. Venue is proper in this Court pursuant to 28 U.S.C.A. §1391.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action to correct unlawful employment practices on the basis of age, race and ethnicity, brought under Federal and State anti-discrimination laws, and for intentional infliction of emotion distress and fraud under State common law.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: charges of discrimination based on age, race, and ethnicity were filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and was filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of right to sue letters for the discrimination and retaliation complaints.

## FACTS

7. Defendant employed Plaintiff 2011 to 2014. In Defendant transferred Plaintiff from its store #61 to store #55. Defendant, however did not place Plaintiff on a work schedule for store #55 after he was transferred. Plaintiff waited weeks to be placed on a work schedule but he was not. After several weeks, Plaintiff began to inquire about why he was not being placed on the work schedule. Defendant never gave him a straight answer. Months passed without work for Plaintiff. Defendant did not tell Plaintiff he was terminated. Rather, was told that he would be put on the work schedule as soon as possible. Despite these representations to him, Plaintiff was not

placed on the schedule but was intentionally left off the work schedule for several months. Defendant subsequently closed the store to which it had transferred Plaintiff within months of transferring him there without placing him on a work schedule for that location.

## RACE-BASED DISCRIMINATION

8. Plaintiff is a Black man of African descent and origin. Defendant's owners are of Middle-eastern descent and/origin.

9. By not terminating Plaintiff and also not placing Plaintiff on the work schedule Defendant effectively, constructively terminated Plaintiff with no notice of termination. By transferring Plaintiff to a different location that was subsequently closed, and by leaving him off the work schedule for the new location he was transferred to until Defendant closed it, Defendant took an adverse action against Plaintiff.

10. Additionally, when it transferred Plaintiff to store #55, a store that Defendant planned to close shortly after transferring Plaintiff there; Defendant replaced Plaintiff at store #61 with a younger person of Middle-eastern descent and origin.

11. By taking these actions, Defendant exhibited racial discriminatory and age discriminatory motives which are not proper under the Title VII anti-discrimination laws. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race and ethnicity. Defendant's conduct violated Plaintiff's rights under 42 U.S.C. Section 1981.

12. By taking the foregoing actions, Defendant created a loss of income that Plaintiff would have earned had Plaintiff been working. Additionally, Defendant prevented Plaintiff from exercising his right to immediately seek unemployment benefits. Further, due to Defendant's

misrepresentations that it would place him on the work schedule and that he had not been terminated, over several months, Plaintiff was prevented from looking for work out of reliance on Defendant's false representations.

## AGE-BASED DISCRIMINATION

13. Plaintiff re-alleges and incorporates Paragraphs 1-12 above as if fully set forth in this Paragraph.

14. Plaintiff is over the age of 60. Prior to his transfer to the store that would shortly be closed, and non-placement on that store's work schedule, Defendant's managers were making comments about Plaintiff being "too slow" while working. However, Defendants never reprimanded Plaintiff for work performance or documented any alleged poor work performance.

15. After he was transferred to the store that Defendant planned to close and not placed on that store's work schedule, Defendant replaced Plaintiff with a much younger employee. Defendant's actions amounted to taking an adverse employment action against Plaintiff on the basis of his age. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of age. Defendant's conduct violated Plaintiffs' rights under 29 U.S.C. Section 623, *et seq*.

16. By taking the foregoing actions, Defendant created a loss of income that Plaintiff would have earned had Plaintiff been working. Additionally, Defendant prevented Plaintiff from exercising his right to immediately seek unemployment benefits. Further, due to Defendant's misrepresentations that it would place him on the work schedule and that he had not been terminated, over several months, Plaintiff was prevented from looking for work out of reliance on Defendant's false representations.

## EMPLOYMENT DISCRIMINATION

17. Plaintiff alleges and incorporate the facts in Paragraph 1-16 above as if fully set forth in this Paragraph. Defendant, by its conduct, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiffs in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and ethnicity in violation of 42 U.S.C. Section 2000e (2)(a) and 42 U.S.C. Section 1981.

18. Defendant classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a) and 42 U.S.C. Section 1981.

19. Defendant discriminated against Plaintiff on the basis of race and ethnicity with malice or with reckless indifference to the state-protected rights of Plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff alleges and incorporate the facts in Paragraph 1-19 above as if fully set forth in this Paragraph. By constructively discharging Plaintiff, Defendant has intentionally and/or recklessly caused, and continues to cause, mental anguish requiring Plaintiff to seek the assistance of mental health and healthcare professionals. The extreme stress and mental anguish caused by Defendant's behavior manifested in the form of various ill health conditions, including heart problems that caused injury to Plaintiff. Defendant's conduct was and is extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## FRAUD/FRAUDULENT MISREPRESENTATION

21. Plaintiff incorporates paragraphs 1-20 above as if set forth fully here. Defendant fraudulently represented that Plaintiff was still employed by Defendant at a time when Defendant had constructively discharged Plaintiff by its actions. Defendant also fraudulently represented to Plaintiff that Defendant would place Plaintiff on the work schedule for the store to which it transferred Plaintiff. ,

22. Defendant made these material but fraudulent representations to Plaintiff knowing that they were false and with the intent to deceive Plaintiff.

23. Defendant made the material but fraudulent representations to Plaintiff intending that Plaintiff would reasonably rely and act or withhold from acting based upon those material but fraudulent representations.

24. Plaintiff did in fact rely and act upon Defendant's material but fraudulent representations, to Plaintiff's detriment.

25. Defendant's fraud and fraudulent misrepresentations caused injuries to Plaintiff for which he seeks compensatory damages by this suit.

## DISCRIMINATORY DISCHARGE: TEXAS LABOR CODE

26   Plaintiff re-iterates, re-alleges and incorporates the facts in Paragraph 1-25 above as if fully set forth in this paragraph. Defendant's behavior also violated Plaintiff's Texas law rights. Defendant discriminated against Plaintiff on the basis of his race and age with malice or with reckless indifference to his state-protected rights.

27. Defendant's intentional acts and failure to act, and its discharge of Plaintiff also violated the Texas Commission on Human Rights Act, Texas Labor Code §21.051(1), which

provides, in pertinent part that "An employer…commits an unlawful employment practice if because of …race, color, national origin, or age the employer: …discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment."

28. Because of Defendant's discriminatory behavior, Plaintiff has suffered damages that were the direct and proximate result of Defendant's violations of Texas Labor Code, and for which Defendant is liable.

## PUNITIVE DAMAGES

29. Defendant's conduct complained of herein was committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in its discriminatory and unlawful employment practices and to deter such actions omissions in the future, Plaintiff also seeks recovery of punitive damages in an amount found equitable and just under the circumstances.

## JURY REQUEST

30. Plaintiff hereby requests a trial by jury and tenders the appropriate jury fee.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Samson Lwaki, respectfully request that Defendant, Panjawani Energy, LLC. be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; granting the following:

    a.    Actual and general damages;

b. Back pay from the date that Plaintiff was constructively discharged and interest on the back pay;

c. Front pay;

d. Emotional pain;

e. Inconvenience;

f. Prejudgment interest;

g. Mental anguish in the past;

h. Mental anguish in the future;

i. Punitive damages;

j. Attorney fees and costs of court;

Respectfully submitted,
By: /s/ Marrick Armstrong
Attorney-in-Charge
Marrick Armstrong
Texas Bar No. 24057695
E-Mail:  Marrick@Armstronglegalpllc.com
SMITH REED & ARMSTRONG PLLC
2016 Main Street, Ste. 111
Houston, TX 77002
Tel. (832) 622-6562
Fax. (281) 809-8735

Felix T. Readus
Texas Bar No. 24064163
E-Mail: fahtoe19@yahoo.com
3870 Gertin St.
Houston, TX 77004
Tel. (832) 974-0529
Fax. (346) 316-1185

*Attorneys for Plaintiff*